USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/4/2024____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOYCE O. ROTA,

                              Plaintiff,

            -against-

CP UNLIMITED OF NEW YORK STATE,

                              Defendant.

---

23-cv-09675 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Joyce O. Rota ("Rota" or "Plaintiff"), initiated this action on November 1, 2023, alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*., ("ADEA"), the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq*., ("NYSHRL"), and the New York City Human Rights Law, N.Y. C. Admin. Code § 8-107 *et seq*., ("NYCHRL") against Defendant CP Unlimited of New York State ("CP" or "Defendant").

Presently before the Court is Defendant's Motion to Dismiss *pro se* Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an approximately 63 or 64 year old female. (Compl. p. 4.) Plaintiff alleges that Defendant took adverse employment action against her by terminating her employment, not promoting her, and retaliating against her. (*Id.* p. 5.) Plaintiff was terminated in June 2022. (*Id.* p. 8.) Plaintiff filed a charge of discrimination ("the Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about August 7, 2023, attached to the Complaint. (*Id.*

p. 8.) Plaintiff received a Notice of Right to Sue ("the Notice") from the EEOC on or about September 7, 2023, also attached to the Complaint. (*Id.* p. 10.) Plaintiff initiated this action November 1, 2023. (ECF No. 1).

In the Charge, Plaintiff alleges that she was blamed for incidents that were not within the scope of her job. (Compl. p. 8.) Plaintiff's house manager made disparaging remarks about Plaintiff's age. (*Id.*) Other employees would join in at times to mock the Plaintiff's age, suggesting she retire. (*Id.*) Plaintiff made numerous complaints regarding the conduct and was told that she needed to stop. (*Id.*) Plaintiff also alleges being treated disparately, noting that she was required to have a doctor's note when she called out sick while other employees were not so required. (*Id.*) Plaintiff states she was fired on June 14, 2022 "for 2 incidents that happened in 3 months, which were all fabricated to fire me before I was able to retire." (*Id.*) Based on the foregoing, Plaintiff believes she was discriminated and retaliated against in violation of the ADEA, as well as NYSHRL and NYCHRL. (*Id.*)

## PROCEDURAL HISTORY

On November 1, 2023, Plaintiff commenced this action against Defendant in her complaint ("the Complaint".) (ECF No. 1.) On June 14, 2024 Defendant filed a motion to dismiss and their memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 23 and 24.) Plaintiff filed an opposition to the Motion (the "Opposition" or "Opp.", ECF No. 26.) The Defendant also filed a reply in further support of the Motion (the "Reply", ECF No. 27.)

## LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") provides in relevant part, that a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks the

statutory or constitutional power to adjudicate it. When resolving a Rule 12(b)(1) motion for lack

of lack of subject matter jurisdiction, the court may refer to evidence outside the pleadings. *See*

*Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). Plaintiff bears the burden

of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists. *See*

*Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996).

**B.  Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement

to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw

reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a

legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or

"[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S.

at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it

as an exhibit or any statements or documents incorporated in it by reference . . . and documents

that plaintiffs either possessed or knew about and upon which they relied in bringing the suit."

*Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry

is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss will be denied where

the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for

the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

Plaintiff brings claims pursuant to the ADEA, NYSHRL and NYCHRL against the Defendant. Plaintiff's ADEA claim must be dismissed and the Court declines to exercise supplemental jurisdiction over Plaintiff's state and city law claims.

### A. Plaintiff's ADEA claim is time barred

A Plaintiff seeking to bring a claim under the ADEA must first file an EEOC discrimination charge within 300 days of the date of the alleged unlawful practice. *Langella v. Mahopac Cent. Sch. Dist.*, No. 18-CV-10023 (NSR), 2020 WL 2836760, *5 (S.D.N.Y. May 31, 2020). Failure to do so renders the claim timed barred. *Id*. According to the Charge affixed to the Complaint, Plaintiff filed a charge of discrimination on August 7, 2023. (Compl. p. 8.) Plaintiff states she was unlawfully terminated June 14, 2022. *(Id*.) Accordingly, her ADEA claim is time barred, as she would have needed to file her charge within 300 days of June 14, 2022 (by April 10, 2023).

Plaintiff, in her Opposition, argues that her claim is not time barred because, contrary to the Complaint, Plaintiff asserts she actually filed her EEOC claim December 12, 2022. (Opp. p. 3.) Affixed to the Opposition labeled as Exhibit A is a Charge of Discrimination dated and signed December 12, 2022 ("the 2022 Charge"). (Opp. Exhibit A.) The 2022 Charge asserts that the most recent job action that unlawful was March 10, 2022. (*Id*.) This further conflicts with the Charge attached to the Complaint, which states the most recent unlawful action was June 14, 2022. (Compl. p. 8.) Given that the 2022 Charge was dated December 14, 2022, it is unclear why the most recent discriminatory job action was not stated to be the termination on June 14, 2022. Notably, the 2022 Charge does not bear any EEOC Agency Charge Number in the manner that the Charge affixed to the Complaint does. (*Id*.)

Given Plaintiff's *pro se* status, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y. 2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013).

Here, Plaintiff's new allegations regarding the 2022 Charge are inconsistent with the Complaint. The Charge raised in the Complaint would render the ADEA claim time barred; the 2022 Charge raised in the Opposition would render the ADEA claim timely. As such, per *Davila*, the Court cannot consider the 2022 Charge in ruling on Defendant's 12(b)(1) and (6) motion to dismiss because the allegations are inconsistent with the Complaint and could not have been alleged based on the facts raised in the Complaint. Thus, the Opposition cannot save Plaintiff's ADEA claims from being time barred, and it is therefore dismissed without prejudice. Plaintiff is granted leave to amend the Complaint so as to demonstrate her ADEA claim is timely.

### B. NYSHRL AND NYCHRL Claims

Because Plaintiff's ADEA claim – the only claim over which the Court has original jurisdiction – must be dismissed, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state and city law claims. *See* 28. U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction"). Thus, Plaintiff's Causes of Action under NYSHRL and NYCHRL are dismissed without prejudice to recommence in state court.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss *pro se* Plaintiff's ADEA claim without prejudice, and to dismiss *pro se* Plaintiff's NYSHRL and NYCHRL claims without prejudice to recommence in state court. *Pro se* Plaintiff is granted leave to file an Amended Complaint (blank form attached hereto) by November 8, 2024.[1] *Pro se* Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that she wishes to pursue must be included in, or attached to, the Amended Complaint. Should *pro se* Plaintiff file an Amended Complaint, the Defendant is directed to answer or otherwise respond by November 29, 2024. If *pro se* Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 23 and to mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:    October 4, 2024                                          SO ORDERED:
          White Plains, New York

                                        _____
                                             NELSON S. ROMÁN
                                          United States District Judge

---

[1] In the event Plaintiff files an Amended Complaint asserting a plausible claim for which the Court has subject matter jurisdiction, Plaintiff may assert related state law claims.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

## I.      PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial          Last Name

Street Address

County, City                                    State                      Zip Code

Telephone Number                            Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                          State                Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                          State                Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                State           Zip Code

## II.     PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                State           Zip Code

## III.     CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

   The defendant discriminated against me because of my (check only those that apply and explain):

   ☐   race: _____

   ☐   color: _____

   ☐   religion: _____

   ☐   sex: _____

   ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

      When did you file your charge? _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

      What is the date on the Notice? _____

      When did you receive the Notice? _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

 If you do consent to receive documents electronically, submit the completed form with your
 complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address                    City                    State                    Zip Code

_____
Telephone Number                              E-mail Address

_____
Date                                          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007